UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-0005 (WMW/TNL) |
| Plaintiff, | **ORDER** |
| v. | |
| Odilon Gutierrez-Cortes, | |
| Defendant. | |

This matter is before the Court on Defendant Odilon Gutierrez-Cortes's motion to correct or reduce his sentence. (Dkt. 44.) Gutierrez-Cortes pleaded guilty on January 31, 2020, to one count of reentry by a removed alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On September 23, 2020, the Court sentenced Gutierrez-Cortes to twelve months and one day imprisonment. Gutierrez-Cortes now disputes the United States Bureau of Prisons' (BOP) calculation of custody credit to be applied to his federal sentence, and he asks the Court "to amend his sentence to a custodial term of time-served." For the reasons addressed below, the motion is denied.

In support of his motion, Gutierrez-Cortes relies on Rule 35(a) of the Federal Rules of Criminal Procedure.[1] "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "Rule 35(a) grants 'very narrow' authority to a district court to make corrections

---

[1] Although Gutierrez-Cortes's motion does not distinguish between Rule 35(a) and Rule 35(b), the latter provision is not applicable here because Rule 35(b) involves a motion *by the government* to reduce a defendant's sentence for "provid[ing] substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).

'only [in] those cases in which an obvious error or mistake has occurred in the sentence.' " *United States v. Jett*, 782 F.3d 1050, 1051–52 (8th Cir. 2015) (quoting Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendments). But Gutierrez-Cortes does not seek a modification to his sentence to correct an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Indeed, he identifies no error at all as to the imposition of his sentence. Instead, Gutierrez-Cortes disagrees with the BOP's calculation of his custody credit. He cites no authority for reducing a sentence pursuant to Rule 35(a) based on the BOP's calculation of custody credit, and the Court is aware of none. As such, Rule 35(a) does not permit the Court to grant the relief Gutierrez-Cortes seeks.

Federal law provides for a defendant to be given credit for certain time spent in custody before the date that a federal sentence commences. *See* 18 U.S.C. § 3585(b). But this Court lacks the authority to calculate custody credit because that authority rests exclusively with the BOP. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). To the extent that Gutierrez-Cortes suggests that this Court should reduce his sentence so as to offset the BOP's calculation of time he believes should be "credited" toward his federal sentence, this Court lacks the authority to do so.[2]

A district court's authority to later reexamine a sentence is limited. *See, e.g.*, 18 U.S.C. § 3582(c) (providing that a "court may not modify a term of imprisonment once it has been imposed" except in limited circumstances); *United States v. Harris*, 574 F.3d

---

[2] Judicial review of the BOP's calculation of custody credit is permissible only after a prisoner first exhausts all administrative remedies and then files a petition for a writ of habeas corpus. *See Pardue*, 363 F.3d at 699. Gutierrez-Cortes has not done so here.

971, 972–73 (8th Cir. 2009) (recognizing that a district court has limited jurisdiction to reexamine a sentencing judgment); *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007) (observing that Congress has "dramatically curtail[ed] a district judge's power to revise a sentence after its imposition" (internal quotation marks omitted)). Because Gutierrez-Cortes has not identified any legal authority that would permit this Court to reduce or otherwise modify his sentence in the present circumstances, the motion is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Odilon Gutierrez-Cortes's motion to correct or reduce his sentence, (Dkt. 44), is **DENIED**.

Dated: October 15, 2020                                                           s/Wilhelmina M. Wright
                                                                                  Wilhelmina M. Wright
                                                                                  United States District Judge